WHITE vs WHITE.

Opinion delivered October 1, 1898.

*Divorce—Service by Publication—Jurisdiction.*

The United States Court in the Indian Territory has jurisdiction of divorce proceedings, and in case of a non-resident defendant such court can acquire jurisdiction of the defendant by constructive service by publication. The Act of March 1, 1895 section 7, does not affect the jurisdiction in suits for divorce.

Appeal from the United States Court for the Northern district.

JOHN R. THOMAS, Judge.

Suit for divorce by Henry N. White against Sallie J.
White, a non-resident. The attorney for the non-resident
defendant filed a demurrer to the jurisdiction of the court
which was sustained. Plaintiff appeals. Reversed.

On July 31, 1897, this action was commenced by the
plaintiff below (appellant here against the defendant below
(the appellee here) for divorce, by filing complaint, and in
which he alleges that he is a citizen of the United States, and
a resident of the Northern judicial district of the Indian
Territory, and has been such resident for more than one
year last past; that defendant is a nonresident of the Indian
Territory; that he and defendant were lawfully married in
December, 1893, in Sevier county, state of Tennessee, and
lived together until August, 1894, ''when defendant will-
fully abandoned his bed and board, and refused to live with
him longer;'' that he moved to the Indian Territory, and
sent for his wife to come to him, but she positively refused
to do so; that defendant has continued to reside away from
plaintiff since August, 1894; that the cause of divorce oc-
curred within five years last past, and that the ground for
divorce is a legal ground for divorce in the state of Tennes-
see. W. H. Tibbils was appointed attorney for the non-
resident defendant by the clerk of the court of the Northern
district. On October 22, 1897, defendant, by attorney, filed
a demurrer to plaintiff's complaint, and assigned the follow-
ing grounds: (1) That said complaint does not disclose the
style of the court in which the action is brought; (2) that
the court has no jurisdiction of the person of the defendant,
or the subject of the action named in said complaint; (3) the
complaint does not state facts sufficient to constitute a cause
of action. Plaintiff filed proof of publication of warning
order on October 26, 1897, and on the same day the cause
came on to be heard upon the demurrer of defendant, and

the same is sustained by the court "for want of jurisdiction," and said complaint was dismissed. Plaintiff appealed to this court.

*Davenport & Dugger*, for appellant.

*W. H. Tibbils*, for appellee.

TOWNSEND, J.   The appellant has filed one assignment of error, as follows:   "The court erred in sustaining the demurrer of defendant on the ground that under the law as it now stands the court cannot obtain jurisdiction of the person of the defendant by warning orders or by publication proceedings, where the defendant is a nonresident of the Indian Territory."   Under the act of congress approved May 2, 1890 (section 31), it is provided that certain general laws of the state of Arkansas, contained in Mansfield's Digest of the Statutes of Arkansas, "which are not locally inapplicable or in conflict with this act, or with any law of congress, relating to the subjects specially mentioned in this section, are hereby extended over and put in force in the Indian Territory, until congress shall otherwise provide." Included among other general laws thus extended over and put in force in the Indian Territory by said act of congress, and specially mentioned in said section 31, is chapter 52 of said Mansfield's Digest, entitled "Divorce," and it is provided in said section 31 of said act of congress, designating said chapter 52, as follows:   "And said court in the Indian Territory shall exercise the powers of the circuit court of Arkansas under this chapter."   Also included in said section 31 of said act of congress is chapter 119 of Mansfield's Digest. entitled "Pleadings and Practice, " which, by virtue of said act of Congress, is "extended over and put in force in the Indian Territory."   Hence the courts of the Indian Territory, by virtue of said act of Congress, have jurisdiction of divorce

with all the "powers of the circuit court of Arkansas," and
the pleadings and practice of Arkansas is the law regulating
the proceedings of said courts.    Section 2558 of said chapter
52 provides as follows:    "The proceedings shall be in the
county where the complainant resides, and the process may
be directed in the first instance to any county in the state
where the defendant may then reside."    Section 4989 and
4990 of chapter 119, provide as follows:    Section 4989:
"Where it appears by the affidavit of the plaintiff, filed in
the clerk's office at or after the commencement of the action,
that the defendant is:    First, a foreign corporation, having
no agent in this state; or, second, a non-resident of this,
state, or third, has departed from the state with intent to
delay or defraud his creditors; or, fourth, has been
absent from this state four months; or, fifth, has left
the county of his residence to avoid the service of a
summons; or, sixth, conceals himself so that a summons
can not be served upon him; or, where either of the last two
mentioned facts is stated in the return by the proper officer
of a summons against the defendant, the clerk shall make
upon the complaint an order warning such defendant to
appear in the action within thirty days from the time of
making the order."    Section 4990:    "The court may make
the warning order upon the requisite facts being satisfac-
torily shown by affidavit or other proof.    Warning orders
should be published weekly for at least four weeks."    It will
thus be seen that constructive service may be had by the
publication of a warning order on nonresident defendants.
Under the head of "Judgment by Constructive Service"
(section 5195 of said chapter 119) it is provided as follows:
Sec. 5195.    "Where a judgment has been rendered against a
defendant or defendants constructively summoned, and who
did not appear, such defendants, or any one or more of them,
may, at any time within five years after the rendition of the
judgment, appear in court and move to have the action re-

tried; and, security for the costs being given, they shall be admitted to make defense; and thereupon the action shall be re-tried as to such defendants, as if there had been no judgment; and, upon the new trial, the court may confirm the former judgment, or may modify or set it aside, and may order the plaintiff to restore any money of such defendant paid to him under it or any property of the defendant obtained by the plaintiff under it and yet remaining in his possession, and pay to the defendant the value of any property which may have been taken under an attachment in the action, or under the judgment, and not restored. But the provisions of this section shall not apply to judgments granting a divorce except so far as relates to alimony." This is a distinct recognition by the statute that judgment in divorce proceedings can be entered, where constructive service was had on nonresident defendants. The attorney for appellee, in his argument, criticises the legislation of Arkansas for its limited extent "touching the question of service in divorce proceedings," and says that this question has never been presented to and construed by the supreme court of Arkansas. It may be suggested that possibly no lawyer among the able lawyers of Arkansas ever supposed that there was any question to present. The statute is explicit as to constructive service on non-resident defendants. The statute is explicit that the courts of the Indian Territory have jurisdiction of divorce proceedings and exercise the powers of the Circuit Courts of Arkansas, and the adoption of chapters 52 and 119 by act of Congress gives them the force of acts of Congress, so far as the courts of the Indian Territory are concerned. The quotation by the appellee from section 30 of the act of May 2, 1890, and section 7 of the act of March 1, 1895, providing "that all civil suits shall be brought in the division or district in which defendant or defendants reside, or may be found," in our judgment does not apply to actions and

proceedings against nonresident defendants. This is the same law as declared by section 5007 of chapter 119 of Mansfield's Digest, providing where actions shall be brought, but it is regulating actions where persons are residents of the state of Arkansas; and by no rule of construction can the provisions of the same chapter be nullified where constructive service is provided for against nonresidents; and that chapter 119 of Mansfield's Digest, specially mentioned in section 31, is as much an act of congress as section 30 of the act of May 2, 1890, there can be no conceivable question or doubt. If so, no civil suit could be entertained by the courts of the Indian Territory against any defendant where constructive service is required, as provided for in sections 4989 and 4990 of Mansfield's Digest. This, in our view, would be a denial of justice. Justice Field, in Pennoyer vs Neff, 95 U. S. 714, quoted by appellee, says as follows: "To prevent any misapplication of the views expressed in this opinion, it is proper to observe that we do not mean to assert, by anything we have said, that a state may not authorize proceedings to determine the status of one of its citizens toward a nonresident, which would be binding within the state, though made without service of process or personal notice to the nonresident. The jurisdiction which every state possesses to determine the civil status and capacities of all of its inhabitants involves authority to prescribe the conditions on which proceedings affecting them may be commenced and carried on within its territory. The state, for example, has absolute right to prescribe the conditions upon which the marriage relation between its own citizens shall be created, and the causes for which it may be dissolved." The argument of appellee as quoted is that "the state may" prescribe the conditions on which proceedings may be commenced and carried on. We think that the state of Arkansas has done so, and that the law regulating proceedings against nonresidents in Arkansas is the law that

governs the courts in the Indian Territory. We are therefore of the opinion that the judgment of the lower court in sustaining the demurrer and dismissing the complaint should be reversed, with direction that the demurrer be overruled, and the cause remanded for further proceedings.

SPRINGER, C. J., and CLAYTON, J., concur.